IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHEASTERN MATERIALS, INC., | ) | Case No. 09-52606 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on February 11, 2010, upon the Amended Application to Employ Attorney for Debtor In Possession Nunc Pro Tunc (the "Amended Application"), filed on February 2, 2010 in the above-captioned case. At the hearing, Edwin H. Ferguson, Jr. appeared on behalf of the above-referenced debtor (the "Debtor), Daniel C. Bruton appeared on behalf of Bank of Stanley, and Robert E. Price, Jr. appeared on behalf of the United States Bankruptcy Administrator. The Court, upon sufficient and proper notice, after considering the entire official record, the Amended Application, and statements of counsel, will grant the Amended Application but will not award relief nunc pro tunc.

The Debtor filed its petition under Chapter 11 of the Bankruptcy Code on December 30, 2009. Thirty-three days later, on February 1, 2010, the Debtor filed an application to employ Edwin H. Ferguson, Jr. and his firm, Ferguson, Scarbrough, Hayes, Hawkins and Demay, P.A. (the "Attorney"), as counsel for the Debtor (the "Application"). On February 2, 2010, the Debtor filed the Amended Application, seeking to employ the Attorney nunc pro tunc to December 30, 2009.

Pursuant to Section 327(a), a debtor in possession may employ professionals that do not hold an interest adverse to the estate, and that are disinterested, to assist the debtor in possession

in carrying out its duties.  11 U.S.C. § 327(a).  A standing order of this District provides that any order approving employment will relate back to the date of the filing of the application for approval of employment, unless the order provides otherwise.  Order Regarding Employment of Professionals in Chapter 11 Cases, ¶ (c)(2) (Bankr. M.D.N.C. Dec. 8, 2009).

"Generally, courts should try to hold parties to strict compliance with section 327, especially in the case of attorneys who may be properly charged with knowledge of the law."  In re Aultman Enterprises, 264 B.R. 485, 492 (E.D. Tenn. 2001) (citing In re McDaniels, 86 B.R. 128, 130 (Bankr. S.D. Ohio 1988).  This Court may permit retroactive employment, but only upon a showing of extraordinary circumstances.  In order to determine when extraordinary circumstances would allow retroactive employment, the professional must (1) satisfactorily explain the failure to obtain prior approval of employment and (2) meet the requirements set forth in Section 327 and Federal Rule of Bankruptcy Procedure 2014(a).  In re Tidewater Mem'l Hosp., 110 B.R. 221, 226 (Bankr. E.D. Va. 1989); see also In re Rennie Petroleum Corp., 384 B.R. 412, 416 (Bankr. E.D. Va. 2008).

At the hearing, the Attorney did not satisfactorily explain the delay in the filing of the Amended Application.  The Attorney does, however, meet the requirements of Section 327 and Rule 2014(a).  Therefore, the Court will grant the Amended Application and, in accordance with this District's standing order, approve employment as of the date of the filing of the Application.

IT IS THEREFORE ORDERED that the Amended Application is granted; and

IT IS FURTHER ORDERED that the Attorney is employed as of February 1, 2010.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHEASTERN MATERIALS, INC., | ) | Case No. 09-52606 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

<u>PARTIES IN INTEREST</u>

Southeastern Materials, Inc.

Edwin H. Ferguson, Jr., Esq.

Robert E. Price, Jr., Esq.