IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHEASTERN MATERIALS, INC. | ) | Case No. 09-52606 |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on December 1, 2010, upon the Motion of Trustee for Order Authorizing and Directing Rule 2004 Examination of Lynn Luther, Maria Dennis, Betty Lambert, Chris Lambert, Tony M. Dennis, and Dennis-Lambert Investments Limited Partnership and Production of Documents (the "Rule 2004 Motion"), filed by the Chapter 7 Trustee (the "Trustee") on November 3, 2010. The Motion was subsequently amended on November 5, 2010. Benjamin A. Kahn appeared on behalf of First Bank, David F. Meschan appeared on behalf of the Trustee, and Ashley S. Rusher appeared on behalf of Dennis-Lambert Investments, LLP ("DLI").

**I. JURISDICTION**

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

**II. FACTS**

On December 30, 2009, Southeastern Materials, Inc. (the "Debtor") filed a Chapter 11

bankruptcy petition.  On February 1, 2010, the Debtor filed a motion to use certain cash collateral of First Bank.  On February 11, 2010, a hearing was held, and the use of cash collateral was authorized by the Court, with a final hearing set for March 3, 2010.  On February 24, 2010, First Bank filed an objection to the use of its cash collateral.  On March 3, 2010, the parties agreed to, and the Court authorized, the continued use of cash collateral through May 5, 2010.

On April 6, 2010, First Bank filed a motion to enforce the terms of the agreement made in open court on March 3, 2010. In its motion, First Bank contended that the Debtor and DLI had refused to sign a proposed order based on the terms announced on March 3.  A hearing was held, and the parties negotiated a cash collateral order, which was entered on April 26, 2010.[1]  The cash collateral order provided that the unsecured creditors committee (the "Committee") would have 120 days to challenge the validity, perfection, enforceability, or priority of First Bank's liens.  The Committee requested documents from and an examination of First Bank pursuant to Rule 2004, which this Court granted by order dated May 20, 2010.  First Bank produced over 15,000 pages of documents in response to the Committee's request, and a representative of First Bank was examined.

On June 2, 2010, the Court appointed W. Joseph Burns as Chapter 11 trustee.  On June 21, 2010, the Chapter 11 trustee sought an extension of the time to challenge First Bank's liens to October 22, 2010.  First Bank consented to this extension, and it was approved by the Court.

On July 30, 2010, the case was converted to Chapter 7, and W. Joseph Burns was appointed as the Chapter 7 trustee. On October 22, 2010, the Trustee filed an adversary proceeding (No. 10-6059) against First Bank (the "Adversary Proceeding"), which in part challenges the validity,

---

[1] First Bank withdrew its motion to enforce the terms that were announced in open court on March 3, 2010.

2

priority and extent of First Bank's claims and liens.

On November 3, 2010, the Trustee filed the Rule 2004 Motion, seeking the authority to examine Lynn Luther, Maria Dennis, Betty Lambert, Chris Lambert and Tony Dennis (the "Individuals"), as well as DLI. The Rule 2004 Motion also seeks certain documents from the Individuals and DLI. Lynn Luther, Maria Dennis and Chris Lambert were former employees of the Debtor. Betty Lambert and Tony Dennis were officers and stockholders of the Debtor. Betty Lambert and Tony Dennis are also principals of DLI, which is a real estate investment and holding company that the Trustee alleges has conducted several substantial transactions with the Debtor.

The Trustee's complaint in the Adversary Proceeding contains numerous allegations that involve the Individuals and DLI. In general, the complaint alleges as follows: On December 1, 1997, the Individuals executed a deed of trust in favor of First Bank, securing a $1,600,000 promissory note. The Debtor served as DLI's general partner and owned a 2% interest in DLI until the Debtor filed bankruptcy. The Debtor purchased life insurance policies for Betty Lambert and Tony Dennis, and the policies were assigned to First Bank. The Individuals and the Debtor executed an $800,000 promissory note in favor of First Bank on October 31, 2000. The Debtor did not receive any portion of the proceeds of the $800,000 note, which were used to construct a facility in Tabor City, North Carolina, that was owned by the Individuals and later transferred to DLI. The Debtor rented the Tabor City facility from DLI for $4,000 per month. A substantial portion of the Debtor's assets were transferred to or used to the benefit of the Individuals and DLI. Tony Dennis has served on First Bank's local advisory board, and other Individuals have personal or business relationships with First Bank employees who had decision-making authority with respect to the Debtor's loans. The relationship between First Bank, the Debtor, the Individuals, and DLI evolved

such that, by June of 2008, First Bank controlled the Debtor. The complaint seeks the marshaling of DLI's assets. It alleges that First Bank aided and abetted breaches by the Individuals of the fiduciary duty that they owed to the Debtor. Although the Individuals and DLI are not defendants, they are significantly involved in many of the allegations of the complaint.

On November 17, 2010, First Bank filed an objection to the Motion. First Bank argues that the Trustee should not be permitted to obtain documents from and take examinations of the Individuals when the information sought is related to the subject matter of the Adversary Proceeding. First Bank argues that the Trustee is required to pursue the information under the Federal Rules of Civil Procedure.

The Trustee argues that he should not be prohibited from obtaining documents and conducting Rule 2004 examinations of the Individuals since he is seeking information about a broad range of topics involving the bankruptcy estate – some involving the Adversary Proceeding and some not. The Trustee also argues that First Bank negotiated for the deadline to challenge its liens and should not benefit from that provision by denying the Trustee the opportunity to obtain documents and conduct Rule 2004 examinations. First Bank argues that it is not possible to conduct the proposed Rule 2004 examinations without addressing issues involved in the Adversary Proceeding.

Although DLI appeared at the hearing, through counsel, it did not object to the Rule 2004 Motion. The Individuals did not object to the Rule 2004 Motion or appear at the hearing.

### III. DISCUSSION

An examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure is not a substitute for discovery under Rule 26 of the Federal Rules of Civil Procedure. <u>In re 2435 Plainfield</u>

Ave., Inc., 223 B.R. 440, 455 (Bankr. D.N.J. 1998). The majority of courts prohibit Rule 2004 examinations "of parties involved in or affected by an adversary proceeding while it is pending." Id. at 456; see also In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (noting "the well recognized rule that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004"); In re Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) ("The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the Fed. R. Bankr. P. 7026 et seq., rather than by a Fed. R. Bankr. P. 2004 examination."); In re Symington, 209 B.R. 678, 685 (Bankr. D. Md. 1997) (same). In addition to parties "involved in or affected by" a pending adversary proceeding, this rule also applies to issues involved in ongoing litigation. Thus, "where a party seeks to depose another party or a witness on an issue which is the subject of a pending adversary proceeding, the examination cannot be conducted pursuant to Rule 2004, but must be conducted pursuant to the Federal Rules of Civil Procedure." 2435 Plainfield, 223 B.R. at 456.

     The basis for the rule lies in the differences between the permissible scope of a Rule 2004 examination and the permissible scope of a deposition under Rule 26. A Rule 2004 examination is broad, and "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bank. P. 2004(b). "Rule 2004 necessarily permits a broad investigation into the financial affairs of debtors to assure the proper administration of bankruptcy estates." Symington, 209 B.R. at 683-84. By contrast, Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense." Fed. R. Civ. P. 26(b)(1). Therefore, "[i]n order to prevent injustice, and to insure that parties in bankruptcy adversary proceedings have the same rights as parties to a federal suit in a non-bankruptcy context, it is important to insure that the procedural safeguards of the discovery process provided in Fed. R. Civ. P. 26-37, incorporated by reference in Fed. R. Bankr. P. 7026-7037, are not avoided by permitting a Rule 2004 examination while an adversary proceeding is pending." 2435 Plainfield, 223 B.R. at 456.

However, the existence of an adversary proceeding does not create a blanket prohibition on Rule 2004 examinations. While a party may not use a 2004 examination with respect to "(1) entities affected by the pending adversary proceeding(s) and (2) issues addressed in its pending adversary proceeding(s), . . . a creditor may conduct Rule 2004 examinations regarding issues in addition to or beyond the scope of its pending adversary proceeding." In re Buick, 174 B.R. 299, 306 (Bankr. D. Colo. 1994). As one court has explained:

> A handful of decisions have considered the allowable scope of a Rule 2004 examination where related civil or criminal proceedings are taking place or are likely to occur in another court. The general rule in these cases is that the existence of, or potential for, collateral litigation is insufficient reason to deny examination. See, e.g., In re Coffee Cupboard, Inc., 128 B.R. 509 (Bankr. E.D.N.Y. 1991). Where the primary purpose is to benefit the bankruptcy estate, "the fact that [examination] may also produce information which in turn may collaterally be used by third parties in separate litigation outside of the bankruptcy case [ ] is no reason to restrict its use or to shield parties ... from such possible litigation." In re Mittco, Inc., 44 B.R. 35, 38 (Bankr. E.D. Wis. 1984).

In re Lufkin, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

This case requires the Court to grapple with competing concerns. On one hand, First Bank, as the defendant in the Adversary Proceeding, is entitled to the protections provided by the Federal Rules of Civil Procedure. On the other hand, it was First Bank that advocated and negotiated for a deadline for the Trustee to object to First Bank's liens, without which the

Trustee might have conducted Rule 2004 examinations prior to filing the Adversary Proceeding. More importantly, the Trustee is entitled to use Rule 2004 examinations to investigate the financial affairs of the Debtor that may affect the administration of the estate, and the Individuals are the people that owned and operated the Debtor and DLI.  The Trustee indicates that at least some of the topics that he wants to explore are wholly unrelated to the Adversary Proceeding or to First Bank, and he should have the opportunity to explore them.  Although the Individuals are not parties to the Adversary Proceeding and are not defendants in any other litigation by the Trustee, it does not take a great deal of imagination to see how they could be involved in future litigation; they are clearly material witnesses in the Adversary Proceeding.  Nonetheless, neither the Individuals nor DLI objected to the Rule 2004 Motion.

Balancing these concerns, the Court will allow the Trustee to obtain documents from and conduct 2004 examinations of the Individuals and DLI.  All of the requested documents shall be produced.  However, the examinations will be subject to significant limitations.  Under the well-established majority rule, the Trustee may not ask any questions in the Rule 2004 examinations that directly relate to the allegations made by the Trustee in his complaint.  At the same time, the Trustee will be permitted some latitude.  The Trustee will be allowed to ask questions that elicit general information that may collaterally be used by the Trustee or First Bank in the Adversary Proceeding.

The Court appreciates that this ruling will require the Trustee and First Bank to make some judgment calls.  If, during the Rule 2004 examinations, there is an objection that the question directly relates to the subject matter of the Adversary Proceeding, then the Trustee may choose between two courses of action: (1) the Trustee may save the question for a deposition

conducted in the Adversary Proceeding, or (2) counsel for the Trustee and First Bank may place a conference call to the Court and receive a telephonic ruling on whether the question is consistent with this ruling.

In the exercise of their judgment during the Rule 2004 examinations, the parties should keep another point in mind. Documents and testimony obtained during a Rule 2004 examination may be inadmissible in an adversary proceeding governed by the Federal Rules of Evidence. See Roberts v. Oliver (In re Oliver), 414 B.R. 361, 370 (Bankr. E.D. Tenn. 2009) ("In an adversary proceeding, discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure, incorporated into Rules 7026 through 7037 of the Federal Rules of Bankruptcy Procedure. More specifically, oral testimony is taken by deposition pursuant to Rule 30 of the Federal Rules of Civil Procedure and its admissibility is governed by Rule 32. Because a Rule 2004 examination is not a deposition, Mr. Householder's testimony will not be admitted into evidence for purposes of the Motion for Summary Judgment. Accordingly, no portion of that Rule 2004 transcript will be considered."); In re Symington, 209 B.R. 678, 687 (Bankr. D. Md. 1997) ("While the scope of the Rule 2004 examination should not be limited by whether the information sought to be discovered would be admissible at trial, otherwise admissible testimony taken during a Rule 2004 examination might not be admissible unless a showing could be made that the examination was conducted fairly and in compliance with the Federal Rules of Civil Procedure."). See also Longo v. McLaren (In re McLaren), 3 F.3d 958 (6th Cir.1993) (testimony taken in a Rule 2004 examination was admissible at trial after the witness declined to testify on Fifth Amendment grounds); In re Avon Townhomes Venture, 433 B.R. 269, 280 n.13 (Bankr. N.D. Cal. 2010) (finding that testimony taken in a Rule 2004 examination was admissible over a

hearsay objection pursuant to Fed. R. Evid. 804(b) since the witness was unavailable due to the witness invoking the Fifth Amendment); AT&T Universal Card Servs. Corp. v. Aguero (In re Aguero), No. 96-14256-SSM , slip op. at 4 (Bankr. E.D. Va. 1997) (1997 WL 633276) (noting that Rule 2004 examination testimony could be admissible as a prior inconsistent statement, a party admission, or as former testimony under the Federal Rules of Evidence).

     This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SOUTHEASTERN MATERIALS, INC. | ) | Case No. 09-52606 |
| | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

**PARTIES IN INTEREST**

Benjamin A. Kahn, Esq.

David F. Meschan, Esq.

Ashley S. Rusher, Esq.

Edwin H. Ferguson, Jr., Esq.

Michael D. West, Bankruptcy Administrator

W. Joseph Burns, Chapter 11 Trustee